IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: KIRK D. and ALFREDA T. SLAUGHTER, <br><br> Debtors. | ) Chapter 13 <br> ) <br> ) Case No. 09-13319 BLS <br> ) |
| SOVEREIGN BANK servicer to DELAWARE STATE HOUSING AUTHORITY, <br><br> Movant, <br><br> and <br><br> KIRK D. and ALFREDA T. SLAUGHTER, <br><br> Debtors. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Objections due by: September 20, 2010 at 4:00 p.m. <br> ) Hearing Date: September 28, 2010 at 10:00 a.m. |

## MOTION OF SOVEREIGN BANK SERVICER TO DELAWARE STATE HOUSING AUTHORITY FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION

Sovereign Bank servicer to Delaware State Housing Authority ("Movant"), by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 (the "Motion"), to allow Movant and any subsequent holders of the loan and/or mortgage documents evidencing Movant's claim and security interest in certain real property in which the above-captioned Debtors (the "Debtors"), claim an interest, to exercise all rights and remedies as a secured creditor of the Debtors with respect to such real property including, without limitation, foreclosing on the mortgage against the property. In support of this Motion, Movant respectfully represents as follows:

## SUMMARY

1. This is a motion for relief from the automatic stay regarding a mortgage on real property. The Movant's records reflect that the Debtors filed their Chapter 13 petition on September 25, 2009. The Debtors are delinquent in six post-petition payments for the months of March, 2010 through August, 2010.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND

3. This is the Debtors' second bankruptcy case and this is Movant's first motion for relief sought in this case.

4. Movant is a secured creditor of the Debtors as evidenced by a certain note (the "Note"), in the principal amount of $119,600.00, executed on December 29, 1994. Pursuant to the Note, the Debtors are currently required to make monthly payments in the amount of $1,037.92.

5. The Debtors' indebtedness and obligation as evidenced by the Note is secured by a valid and perfected lien in and security interest against the real property located at and commonly known as 657 Country Path Drive, New Castle, Delaware 19720 (the "Property"). The lien against the Property, which secures the Debtors' obligations under the

Note, was granted pursuant to the certain Mortgage dated on or about December 29, 1994 and executed and delivered by the Debtors on or about that date (the "Mortgage"). See Document and Loan History Abstract attached hereto as **Exhibit A.**

6. The Debtors are in default of the Note and Mortgage obligations to Movant as they have failed to make any of the Note and Mortgage payments that have come due for the months of March, 2010 through August, 2010. See Payment History attached hereto as **Exhibit B.**

7. As of the date of this Motion, the amount of the post-petition arrears owed by the Debtors to Movant in connection with the Note and secured by the lien of the Mortgage is $7,112.88, representing delinquent payments for the months set forth above and late fees and other charges accuring. See Declaration attached as **Exhibit C**.

8. Upon information and belief, the Debtors are current in New Castle County taxes and sewer rents.

9. Upon information and belief, Movant holds the first mortgage on the Property. There is also a second mortgage on the Property.

10. Upon information and belief, the fair market value of the property is $230,750.00 See Debtors' Schedule D attached as **Exhibit D**.

### MOVANT IS ENTITLED TO RELIEF FROM STAY

11. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

3

>    (1) for cause, including lack of adequate protection
>    of an interest in property;
>
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>       (A) the Debtor does not have equity in such property; and
>
>       (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

12. The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis. See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992). As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

13. Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including the lack of adequate protection. Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the Debtors' failure to remit post-petition installment payments on a secured debt, the burden shifts to the Debtors to show how the creditor is adequately protect. In re Epic Capital Corp., 290 B.R. 514, 526 (Bankr. D. De. 2003); In re Hinchliffe, 164 B.R. 45, 48 (Bankr. E.D. Pa. 1994). If the Debtors do not meet this burden, then the court should grant the creditor's request for relief. Id.

14. Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Note and/or Mortgage, to take all actions necessary to exercise all rights and remedies against the Property as a secured creditor of the Debtors, including, without limitation, foreclosing on the Mortgage. The justifications are, inter alia, that Movant's interest in the Property is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a direct

4

result of the Debtors' failure to remit timely payments to Movant.

## NOTICE

15. Notice of this Motion has been given to the Debtors, Debtors' counsel and the Chapter 13 Trustee in this case. Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** Sovereign Bank servicer to Delaware State Housing Authority, respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the Note and/or Mortgage, to exercise all rights and remedies against the Property as a secured creditor of the Debtors in accordance with the Mortgage and applicable law, including without limitation, foreclosing on the Mortgage, (ii) allowing Movant $550.00 in attorneys' fees and costs ($150.00 filing fee and $400.00 attorneys' fees) and (iii) granting such other and further relief as it deems just and proper.

THE CHARTWELL LAW OFFICES, LLP

/s/ Seth J. Reidenberg
Seth J. Reidenberg, Esquire (No. 3657)
Janet Z. Charlton, Esquire (No. 2797)
300 Delaware Avenue, Suite 800A
Wilmington, Delaware 19801
(302) 425-0100 [tel]
(302) 425-0200 [fax]

Attorney for *Sovereign Bank servicer to Delaware State Housing Authority*

DATED: August 26, 2010