IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| KIRK D. and ALFREDA T. SLAUGHTER, | ) | Case No. 09-13319 (BLS) |
| | ) | |
| Debtors. | ) | Objection Deadline: August 19, 2013 at 4:00 p.m. |
| | ) | Hearing Date: August 27, 2013 at 10:00 a.m. |

## MOTION OF AMC FINANCIAL HOLDINGS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

AMC Financial Holdings (the "Movant" or "AMC"), by and through undersigned counsel, hereby moves (the "Motion"), pursuant to § 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1, for an order lifting the automatic stay imposed by § 362(a) of the Bankruptcy Code, to allow Movant, and any subsequent holders of the loan and/or mortgage documents evidencing Movant's claim and security interest in certain real property in which the above-captioned debtors (the "Debtors") claim an interest, to exercise all rights and remedies as a secured creditor of the Debtors with respect to such real property, including, without limitation, foreclosing on the mortgage against the property. Attached hereto as Exhibit A, and incorporated herein by reference, is the Declaration of Charlie R. Henson (the "Henson Declaration"), Vice President of AMC and Cityscape Corp. ("Cityscape"), in support of the Motion. In further support of this Motion, the Movants respectfully state as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this

1

Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND

2. This is the Debtors' second bankruptcy case and this Movant's first motion for relief sought in this case.

3. On August 19, 1997, the Debtors, as borrowers, executed that certain note (the "Note") payable to the order of Atlas Capital Funding, Inc. ("Atlas"), as lender, in the principal amount of $42,265.00.[1] Pursuant to the Note, the Debtors are required to make monthly payments in the amount of $556.23.

4. The Debtors' indebtedness and obligation as evidenced by the Note is secured by a valid and perfected lien in and security interest against the real property known as 657 Country Path Drive, New Castle, Delaware 19720 (the "Property"). The lien against the Property, which secures the Debtors' obligations under the Note, was granted pursuant to that certain mortgage (the "Mortgage") dated August 19, 1997, executed and delivered by the Debtors on that date.[2]

5. The Note was endorsed over to Cityscape, and Cityscape endorsed the Note in Blank. AMC is the present holder of the Note, entitled to enforce the same.

6. Upon information and belief, the Mortgage is subordinate to a first mortgage held by Sovereign Bank servicer to Delaware State Housing Authority, which is being served with this Motion.

7. On September 25, 2009 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

---

[1] A true and correct copy of the Note is attached to the Henson Declaration as Exhibit 1.
[2] A true and correct copy of the Mortgage is attached to the Henson Declaration as Exhibit 2.

8.     The Debtors' plan was confirmed on November 23, 2009 (as modified on April 29, 2013, the "Plan").  The Plan provides that the Debtors shall continue to make post-petition payments directly to AMC Financial Holdings for the second mortgage for the property located at 657 Country Path Drive, New Castle, Delaware.  *See* Plan at ¶2.

9.     The Debtors are in default of their Note and Mortgage obligations to the Movant. Specifically, the Movant has not received any post-petition payments from the Debtors for the Note/Mortgage, post-petition arrears total $16,522.65, not including late charges, as of the filing of this motion.[3]  *See* Henson Declaration at ¶ 14.

10.    The Debtors indicate that the value of the Property was $230,750.00 on or about the Petition Date.  *See* Debtors' Schedule D.[4]

## RELIEF REQUESTED

11.    By this Motion, the Movants seek relief from the automatic stay to allow Movant, and any subsequent holders of the Loan and/or Mortgage documents evidencing Movant's claim and security interest in the Property, to exercise all rights and remedies as a secured creditor of the Debtors with respect to the Property, including, without limitation, foreclosing on the Mortgage against the Property.

## BASIS FOR RELIEF REQUESTED

12.    Section 362(d) of the Bankruptcy Code provides, in pertinent part, that:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>     (1) for cause, including lack of adequate protection of an interest in property;

---

[3] In fact, the Movant has not received a payment from the Debtors with respect to their obligations under the Note and Mortgage since July 2000.  *See* Henson Declaration at ¶ 10.
[4] A copy of the Debtors' Schedule D is attached hereto as Exhibit B.

> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
>> (A) the Debtor does not have equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

13. "Cause" exists to support the Movant's request for relief from the automatic stay under Section 362 of the Bankruptcy Code. Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including lack of adequate protection. When a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the Debtors' failure to remit post-petition installment payments on a secured debt, the burden shifts to the Debtors to show how the creditor is adequately protected. *In re Epic Capital Corp.*, 290 B.R. 514, 526 (Bankr.D.Del. 2003); *In re Hinchliffe*, 164 B.R. 45, 48 (Bankr.E.D.Pa. 1994). If the Debtors do not meet this burden, then the court should grant the creditor's request for relief. *Id.*

14. Cause exists under Section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to all the Movant, and any subsequent holders of the Loan and/or Mortgage documents evidencing Movant's claim and security interest in the Property, to exercise all rights and remedies as a secured creditor of the Debtors in accordance with the Mortgage and applicable law, including, without limitation, foreclosing on the Mortgage against the Property. The justifications are, *inter alia*, that the Movant's interest in the Property is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a direct result of the Debtors' failure to remit timely payments to the Movant.

WHEREFORE, the Movant respectfully requests the entry of order substantially in the form of order attached hereto, terminating the automatic stay imposed by § 362(a) of the

Bankruptcy Code to allow the Movant, and any subsequent holders of the Loan and/or Mortgage documents evidencing Movant's claim and security interest in the Property, to exercise all rights and remedies as a secured creditor of the Debtors with respect to the Property, including, without limitation, foreclosing on the Mortgage against the Property.

Dated:  August 8, 2013

**FRANKLIN & PROKOPIK**

*___/s/ Andrew L. Cole_____*
Andrew L. Cole (No. 5712)
Daniel A. O'Brien (No. 4897)
300 Delaware Avenue, Suite 1340
Wilmington, DE  19801
(302) 594-9780

*Attorneys for Movant*